THE GIOVE. THE M. F. ELLIOTT. ROYAL NAVY OF ITALY et al. v. STANDARD OIL CO. OF NEW JERSEY.

Circuit Court of Appeals, Fifth Circuit. July 6, 1928.

No. 5270.

1. Collision ⬤⟲91—Steamship not answering helm promptly or properly after customary passing signals were given held entirely at fault for resulting collision.

Steamship not answering her helm promptly or properly after signals for passing in Houston ship channel were given, in accordance with local pilot custom, while approaching steamship accomplished her part, *held* entirely at fault for resulting collision.

2. Collision ⬤⟲9—Effect may be given to generally established and well-understood local customs deviating from pilot rules.

Courts do not favor giving effect to local customs involving deviations from pilot rules, but, when they are generally established and well understood, an exception may be made.

3. Collision ⬤⟲91—Vessels proceeding under their own steam in navigating Houston channel assume risks incident to customary method of passing.

Vessels electing to proceed under their own steam, instead of being aided by tugs, in navigating Houston channel, assume any risk incidental to customary method of passing.

Appeal from the District Court of the United States for the Southern District of Texas; Joseph C. Hutcheson, Jr., Judge.

Proceeding between the Royal Navy of Italy, claimant of the steamship Giove, and others, and the Standard Oil Company of New Jersey, claimant of the steamship M. F. Elliott. From a judgment for the Standard Oil Company, the Royal Navy of Italy and others appeal. Affirmed.

H. C. Hughes, of Galveston, Tex., and Homer L. Loomis, of New York City (Loomis & Ruebush, of New York City, and Lockhart, Hughes & Lockhart, of Galveston, Tex., on the brief), for appellants.

W. T. Armstrong and W. E. Cranford, both of Galveston, Tex. (Armstrong & Cranford, of Galveston, Tex., on the brief), for appellee.

Before WALKER, BRYAN, and FOSTER, Circuit Judges.

FOSTER, Circuit Judge. In this case there is very little, if any, dispute as to the material facts. The record supports the following conclusions as to these:

[1] On November 11, 1924, at about 10

o'clock a. m., a collision occurred between the steamship Giove, owned by appellant, and the steamship M. F. Elliott, owned by appellee, in the Houston ship channel. At the place of collision the channel is from 150 to 200 feet wide on the bottom and 30 feet deep. The Elliott, drawing 28 feet 6 inches aft, was on her way to sea. The Giove, drawing about 15 feet aft, was proceeding to Houston. Both vessels were under their own power.

Owing to the narrowness of the channel and the danger of being pulled aground by suction, it is the local pilot custom for vessels navigating the channel under their own power to approach each other head on in the middle of the channel at half speed, and, when about a ship's length apart, to put their helms hard aport and their engines full speed ahead, passing to the right very close together, sometimes actually brushing.

Both vessels were in charge of experienced, licensed pilots. The signals for passing were given and understood, and the vessels attempted to manœuver according to the custom. The Elliott accomplished her part, but for some reason the Giove did not answer her helm promptly, or properly, and the collision occurred. The District Court found the Giove to be entirely at fault, and in this we concur.

[2] Courts do not favor giving effect to local customs involving deviations from the pilot rules, but, when they are firmly established and well understood, an exception may be made. The Albert Dumois, 177 U. S. 240, 20 S. Ct. 595, 44 L. Ed. 751.

[3] It is shown that it is not unusual for vessels navigating the Houston channel to be aided by tugs, and this is no doubt safer. When they elect to proceed under their own steam, they assume any risk incidental to the customary method of passing. Under the circumstances here disclosed, the passing could hardly have been accomplished in any other way, and there was no material violation of the pilot rules, as neither pilot considered a collision imminent. The Elliott could not have pulled over to the right any more than she did without danger of going aground from suction while the Giove, on account of her lighter draft, might have gone closer to her side of the channel. Had the Giove answered her helm promptly the collision would not have occurred.

For this she must be held responsible as her failure to execute the manœuver properly is not shown to have been the result of inevitable accident.

Affirmed.